*Supp. 13 Opinion
ROBERSON, P. J.
This cause having been submitted for decision, and fully considered, judgment is ordered as follows:
The judgment is affirmed.
Appellant challenges his conviction for violating Los Angeles Administrative Code[1] section 8.78 (violating a curfew order).[2] At arraignment, appellant pled not guilty and demurred to the complaint, contending, inter alia, that section 8.78 was unconstitutionally vague because it invited arbitrary and erratic arrests. The trial court determined that the section was not constitutionally infirm and denied appellant’s motion. Appellant was ultimately found guilty following a court trial and was duly sentenced. Appellant has timely appealed.
Background
The curfew order which appellant was found to have violated was issued on January 17, 1994, by Los Angeles City Mayor Richard Riordan, pursuant to the authority vested in him under section 8.27, and in response to the devastating earthquake that struck the Los Angeles area that morning. In declaring an emergency, Mayor Riordan issued regulations and directives, including one which stated in pertinent part:
“. . . I hereby declare the following orders to be necessary for the protection of life and property in the City:
“No person shall be on any public property, including public streets and sidewalks, or on any vacant private property during the period from sunset until sunrise of the next day.
“The Community Development Department of the City of Los Angeles shall immediately activate its Cold/Wet Weather Sheltering Program to provide shelter for residents who have no other place to go between sunset and sunrise of the following day.
“This order shall not apply to emergency service workers, military personnel on active duty, persons administering emergency aid or licensed health workers.
*Supp. 14 “Each individual officer and the supervisors who approve a curfew booking must use their discretion in enforcing this law and must always keep the intent of the law in mind.”
By the next day, January 18, 1994, the curfew time was changed to “between 11:00 p.m. and sunrise of the following day” with all the other terms and conditions remaining the same.
Violation of a curfew established in this manner was punishable under section 8.78. (See fn. 2, ante.) Section 8.78 was added by the Los Angeles City Council (City Council) through an urgency clause in March 1993 following a decision by this court in People v. Continola (1993) 15 Cal.App.4th Supp. 20 [19 Cal.Rptr.2d 225], wherein we determined that section 8.77, subdivision (b),[3] as written, was insufficient to allow a conviction for violation of a curfew based solely on a person’s mere presence on the streets during curfew hours.
Facts
On January 18, 1994, about 11:30 p.m., Los Angeles Police Officers Lambdin and Radtke observed appellant standing on the side of 78th Street. As the officers approached, appellant crouched behind a parked car. In addition to approaching appellant because of the curfew order, the officers intended to conduct a narcotics investigation, due to the fact that the area was known to be a high-crime and gang area.
When asked why he was there, appellant responded that he was “waiting for his homeboy” but could not give the officer a more definite name. The officers determined that appellant’s residence was blocks, if not miles, away. The officers recognized appellant as a member of the “Swan Hood Gang” and Officer Radtke testified that he had seen appellant “hanging out” in the same area the day before and warned him there was a curfew and that he was not allowed to loiter on the streets. Determining that appellant was not injured or ill, and that he had no other business or reason to be on the street at that location during the curfew, the officers arrested him.
Discussion
Appellant asserts that section 8.78 must be read in conjunction with a subsequent enforcement policy statement issued by Los Angeles Police *Supp. 15 Chief Willie Williams and adopted by the City Council. Appellant contends that this enforcement policy statement imposes an additional requirement of actual interference with emergency efforts in order to justify an arrest and conviction. Without this requirement, appellant concludes, section 8.78 is unconstitutionally vague. We disagree.
The curfew order and the charging statute, section 8.78, are clear on their face and unambiguous in their terms: the mere presence on the streets by anyone (with the exception of specific people listed in the curfew order) during the hours of curfew is prohibited. No other language need be inserted. “ ‘If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.’ [Citations.]” (People v. Morris (1988) 46 Cal.3d 1, 15 [249 Cal.Rptr. 119, 756 P.2d 843].)
The legislative history of section 8.78 supports the plain language of the section. The section was quickly enacted by the City Council in response to our decision in People v. Continola, supra, 15 Cal.App.4th Supp. 20 in which we determined that the former charging statute, section 8.77, as written required that a defendant’s mere presence on the streets was insufficient to charge him with a curfew violation, and that, as written, the section required a showing that the defendant prevented, hindered or delayed police or other officials’ duties. In Continola, we noted that “If the Curfew Law is difficult to enforce, the only reason for that difficulty is that the city council chose to enact an ordinance which limited criminal culpability for violating a mayor’s emergency order to situations where an act was ‘of a nature’ to imperil lives or property or prevent, hinder or delay law enforcement.” (Continola, supra, at p. Supp. 26.)
In its quick action in drafting and passing new section 8.78, the City Council recognized, as we pointed out, that there is “nothing in American law which prevented the city legislative body from enacting an ordinance which made any violation of a mayor’s emergency order a crime.” (People v. Continola, supra, 15 Cal.App.4th at p. Supp. 26, italics in original.) Therefore, it is clear that section 8.78 was promulgated in order to delete the more specific requirements found in section 8.77. To require an interpretation that would once again insert those specific requirements would be absurd.
Contrary to appellant’s assertions, section 8.78 and the curfew order are not unconstitutionally vague when read without the insertion of any other requirements. To withstand a facial vagueness challenge under the due process clause, a statute must satisfy two basic requirements: first, it must be sufficiently definite to provide adequate notice of the conduct proscribed, *Supp. 16 and second, a statute must provide sufficiently definite guidelines for the police in order to prevent arbitrary and discriminatory enforcement. (People v. Superior Court (Caswell) (1988) 46 Cal.3d 381, 389-390 [250 Cal.Rptr. 515, 758 P.2d 1046].)
The first requirement is clearly satisfied here and is not challenged by appellant; the curfew order and section 8.78 are sufficiently definite to put appellant on notice that “No person shall be on any public property, including public streets and sidewalks” during the period of the curfew. We note that in the present case, appellant was even given notice of the curfew the previous day by the officers.
Appellant’s challenge is to the second part, that the curfew order and section 8.78 fail to set forth sufficient guidelines for law enforcement, and thus create a risk of arbitrary and discriminatory enforcement. However, unlike other statutes which have been held unconstitutionally vague because they were unclear as to what a suspect must do to be guilty of a crime and vested excessive discretion in police officers (see Kolender v. Lawson (1983) 461 U.S. 352, 358 [75 L.Ed.2d 903, 909-910, 103 S.Ct. 1855]), the guidelines for enforcement in the present case were clear: with the exception of specially exempted persons, anyone on the streets after curfew was subject to arrest. In Kolender, a loitering statute was found to be unconstitutionally vague because it was both indefinite as to what constituted loitering and it allowed officers too much discretion to determine what constituted “credible and reliable” identification which had to be provided by the suspect upon request. In the instant case, no such problems arise, for “the curfew regulation does not vest discretion in the police to decide which persons to stop because it applies, on its face, to all persons in public places .... By specifying that ‘no person’ shall be on public streets, and not just those who are wandering about, or lack a reason or identification, the regulation in this case clearly informs the public and law enforcement of what constitutes illegal conduct, and does not allow the police to stop people on a ‘whim.’ [Citation.]” (In re Juan C. (1994) 28 Cal.App.4th 1093, 1102 [33 Cal.Rptr.2d 919].)
Concerns raised by appellant about what an officer might do if he confronts a person on the streets who is homeless, has lost his permanent shelter, or even is coming to or from work are unfounded in this case. A law is not unconstitutionally vague merely because an officer can, when presented with probable cause, exercise his discretion and decide whether or not to arrest someone. (See People v. Monroe (1993) 12 Cal.App.4th 1174, 1193 [16 Cal.Rptr.2d 267], and cases cited therein.) Concerns that law enforcement personnel might exercise their discretion in an unlawful manner, i.e., *Supp. 17 based on a person’s race or economic status, do not render an otherwise well-defined statute unconstitutionally vague. (People v. Superior Court (Caswell), supra, 46 Cal.3d at pp. 397-398.) We do emphasize, however, that there is no evidence that the curfew law was being discriminatorily or arbitrarily enforced in this case.
The judgment is affirmed.
Johnson, J., and Watai, J., concurred.

All further statutory references are to the Los Angeles Administrative Code unless otherwise stated.

Section 8.78 reads in full: “Notwithstanding the provisions of section 8.77 of this chapter, it shall be a misdemeanor, punishable by the fine not to exceed $1,000 or by imprisonment not to exceed six months, or both, for any person to violate any curfew established by any lawful rule, regulation, order or directive issued pursuant to this chapter.”

Section 8.77, subdivision (b) states: “It shall be a misdemeanor, punishable by a fine not to exceed $1,000.00 or by imprisonment not to exceed six months, or both, for any person, during local emergency declared pursuant to this chapter, to: . . .
“(b) Do any act forbidden by any lawful rule, regulation, order or directive issued pursuant to this chapter, if such act is of a nature as to give or be likely to give, assistance to any national enemy, or imperil the lives or property of other inhabitants of this City, or to prevent, hinder or delay the defense of protection thereof” (Italics added.)